# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| LILLIE H. COOLEY, | ) |
| Plaintiff, | ) |
|  | ) CIVIL ACTION NO.: |
| vs. | ) |
|  | ) |
| DOLGENCORP, LLC, | ) |
|  | ) **PLAINTIFF DEMANDS A** |
| Defendant. | ) **TRIAL BY STRUCK JURY** |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is a suit to obtain relief to obtain for violations by Defendant of the Americans with Disabilities Act, as amended ("ADA") and the Age Discrimination in Employment Act ("ADEA").

2. The Court's powers are invoked pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper under 28 U.S.C. §1391. The Defendant employed the Plaintiff in the Eastern Division of the Northern District of Alabama.

1

## ADMINISTRATIVE REMEDIES

4. Plaintiff challenges her termination in this action as violating the Americans with Disabilities Act and/or the Age Discrimination in Employment Act.

5. Defendant terminated Plaintiff Lillie Cooley on July 11, 2014.

6. Ms. Cooley filed a Charge of Discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") on November 18, 2014. *See Plaintiff's EEOC Charge, attached hereto as Exhibit 1.*

7. Plaintiff filed her Charge of Discrimination within 180 days of his termination.

8. The EEOC issued a Dismissal and Notice of Rights to Ms. Cooley dated March 7, 2017. *See Exhibit 2.*

9. Defendant received the Dismissal and Notice of Rights after March 7, 2017.

10. Ms. Cooley received the Dismissal and Notice of Rights after March 7, 2017.

11. Ms. Cooley initiated this action within 90 days of her receipt of the Dismissal and Notice of Rights.

12. Ms. Cooley initiated this action within 90 days of the EEOC issuing to her the Dismissal and Notice of Rights dated March 7, 2017.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

14. The Plaintiff, Lillie H. Cooley, was born in 1954.

15. Ms. Cooley is over 19 years of age.

16. Ms. Cooley resides in Talladega, Alabama.

17. The Defendant Dolgencorp, LLC ("Dollar General") is a foreign limited liability company doing business in Talladega, Alabama.

18. Dollar General is an employer within the meaning of the ADA.

19. Dollar General is an employer within the meaning of the ADEA.

## FACTUAL ALLEGATIONS

20. Ms. Cooley worked for Dollar General form May 2002 through July 11, 2014.

21. Ms. Cooley initially worked for Dollar General as a sales associate.

22. On March 1, 2003, Ms. Cooley earned a promotion to Lead Sales Associate.

23. On November 1, 2003, Ms. Cooley earned a promotion to the position of Assistant Store Manager.

24. In 2005, Ms. Cooley earned a promotion to the position of Store Manager.

25. Ms. Cooley worked as Store Manager for Store #3581 which is located in Talladega, Alabama.

26. Ms. Cooley met Dollar General's qualifications to hold the position of store manager.

27. While employed with Dollar General, Ms. Cooley experienced an on the job injury.

28. As the result of the on the job injury, Dollar General placed Ms. Cooley on light duty.

29. Ms. Cooley's on the job injury limited her ability to walk and stand.

30. As the result of her on the job injury, Ms. Cooley walked with a limp.

31. As a result of the on the job injury, she could not stand for long periods of time and had to lean and sit.

32. Ms. Cooley requested accommodations from Dollar General because she was limited in her ability to stoop, climb, squat and/or stand.

33. On or around March 2014, Mark Seeger became Ms. Cooley's District Manager.

34. As a district manager Mr. Seeger was responsible for supervising the store manager of each store assigned to his retail district.

35. Mr. Seeger was in his forties.

36. From November 2013 through May 2016, Mr. Seeger had approximately 36 stores assigned to him.

37. Ms. Cooley heard from other managers and employees that Mr. Seeger had a reputation for not liking older workers.

38. On March 12, 2014, Dollar General issued Ms. Cooley's 2013 Performance Plan.

39. The information in the Performance Plan had been completed by Ms. Cooley's prior District Manager.

40. Ms. Cooley's manager rating on her 2013 Performance Plan was "Very Good."

41. Ms. Cooley's 2013 Performance Plan noted she had complied with Dollar General's Code of Business Conduct and Ethics as well as with all applicable laws and regulations wile active on the company's behalf.

42. After becoming Ms. Cooley's district manager, Mr. Seeger subjected Ms. Cooley to heightened scrutiny.

43. Mr. Cooley made Ms. Cooley feel pressure to retire.

44. Mr. Seeger told Ms. Cooley it was time for her to retire.

45. When Ms. Cooley did not retire, Mr. Seeger moved Ms. Cooley's assistant manager, Sheila Green, to a different store to train to be a store manager.

46. It appeared to Ms. Cooley that Mr. Seeger was grooming Ms. Green to replace Ms. Cooley.

47. The loss of Ms. Green as an assistant store manager put more physical demands on Ms. Cooley.

48. Ms. Cooley reminded Mr. Seeger that with the condition her foot was in, it would create a hardship for her to lose the assistance of an assistant manager in the store.

49. Mr. Seeger responded to Ms. Cooley that since she was not able to do the job, it was time for her to retire.

50. Ms. Cooley replied she needed the job to pay her bills.

51. Connie Scott is Ms. Cooley's daughter.

52. In the Summer of 2014, Connie Scott spoke to Mr. Seeger about Ms. Cooley.

53. In the Summer of 2014, Connie Scott spoke to Mr. Seeger about Ms. Cooley's physical impairment.

54. Ms. Seeger said to Ms. Scott that it was time for Ms. Cooley to retire because it was clear she was not able to do her job one hundred percent anymore.

55. In late June or early July 2014, Mr. Seeger visited Ms. Cooley's store.

56. During the June/July 2014 visit, Mr. Seeger took members of the store's staff, one by one, not a meeting.

57. Mr. Seeger took statements from the staff during the one-on-one meetings.

58. Mr. Seeger called in one employee, Jamie Vanveleck, from home to participate in the meetings and give a statement.

59. Dollar General's policy would require the meeting be treated as compensable time.

60. Dollar General did not pay Jamie Vanveleck for the work time associated with the meeting and statement.

61. Witnesses verified they were coerced and threatened by Mr. Seeger into giving false statements against Ms. Cooley.

62. Prior to July 11, 2014, Dollar General did not issue any discipline to Ms. Cooley.

63. On Friday, July 11, 2014, Dollar General terminated Ms. Cooley's employment.

64. Mr. Seeger made the decision to terminate Ms. Cooley's employment.

65. The reason Dollar General gave to Ms. Cooley for terminating her employment was "working people off the clock."

66. Ms. Cooley denied working employees off the clock.

67. Dollar General replaced Ms. Cooley with someone substantially younger than her.

68. Using the company's alternative dispute resolution process, Ms. Cooley complained to Dollar General that she had been targeted for termination because of her age.

69. On Monday, July 15, 2014, Dollar General informed Ms. Cooley that it found no evidence to support her claims of discrimination.

70. Close in time to Ms. Cooley's termination, Mr. Seeger terminated a manager named Lou from Dollar General's Heflin location.

71. Lou was over forty.

72. Lou had not had any prior performance issues before his termination.

73. Mr. Seeger targeted Leslie Tanner, a manager over 40, for unwarranted criticism and scrutiny.

74. Mr. Tanner told Ms. Cooley he felt Mr. Seeger was out to get him.

75. Mr. Tanner transferred out of the district to escape Mr. Seeger.

76. On or around July 28, 2014, Rodney Case complained to Dollar General that he had been fired because he "wouldn't go along with [the] story that [his] former manager Lillie forced us to work off the clock and I also feel as though I was terminated because I was older and they can hire someone younger to do the job and pay them less."

77. Mr. Case told Dollar General he "felt threatened and harassed at work if I

did not lie from my DM and Sheila Green. My former manager was fired because they said she made us work of [sic] the clock and that was not true. I also know they were wanting to fire all of the older employees and hire younger folks and pay them less."

78. Ms. Coolie sought and received unemployment compensation benefits from the State of Alabama Department of Labor.

## COUNT I
## AMERICANS WITH DISABILITIES ACT

79. Ms. Coolie adopts and incorporates the allegations set forth above in support of this Count.

80. Ms. Coolie is a qualified individual with a disability, as defined by the ADA as amended.

81. Ms. Coolie suffers from a physical impairment.

82. Ms. Coolie's physical impairment limits her ability to stand, stoop, climb and squat.

83. Dollar General regarded Ms. Coolie's physical impairment as a disability.

84. Dollar General discriminated against Ms. Coolie because it regarded her as being disabled by terminating her employment.

85. Dollar General's discriminatory conduct injured Ms. Coolie.

**WHEREFORE, PREMISES CONSIDERED**, Ms. Coolie respectfully prays that this Court will grant her relief as follows:

a. Grant Plaintiff declaratory judgment that the employment practices complained of herein are violative of the rights of Ms. Coolie as secured by the ADA, as amended;

b. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with the Defendant and at the Defendant's request, from continuing to violate the ADA;

c. Grant Plaintiff an award of back pay and employment benefits (plus interest);

d. Grant Plaintiff an award of compensatory damages to be determined by the trier of fact;

e. Grant Plaintiff an award of punitive damages to be determined by the trier of fact;

f. Grant Plaintiff injunctive relief including backpay, reinstatement and/or reasonable front-pay;

g. Award costs and reasonable attorney's fees to the Plaintiff;

h. Award pre-judgment and post-judgment interest;

i. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees, and expenses.

## COUNT II
## AGE DISCRIMINATION IN EMPLOYMENT ACT DISCRIMINATORY DISCHARGE

86. Mr. Coolie adopts and incorporates the allegations set forth above in support of this Count.

87. At the time of her termination, Ms. Coolie was 60 years old.

88. Dollar General replaced Ms. Coolie with a substantially younger employee.

89. Prior to her termination, the decision maker for Ms. Coolie's termination, Mr. Seeger, expressed that he felt it was time for her to retire.

90. Dollar General has exhibited a bias against older employees in favor of younger employees.

91. Defendant terminated Ms. Cooley because of her age.

WHEREFORE, PREMISES CONSIDERED, Ms. Coolie respectfully requests the entry of judgment against the Defendant for violation of the ADEA, pursuant to an Order by which the Court:

    i. awards backpay;

    ii. awards liquidated damages;

  iii. awards injunctive relief, including, but not limited to, backpay, reinstatement and/or reasonable front pay;

  iv. awards pre-judgment and post-judgment interest;

  v. awards that relief which is fair, reasonable and just;

  vi. awards a reasonable attorney's fee; and

  vii. taxes costs against said defendant.

**PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.**

*/s/ Heather Newsom Leonard*
Heather Newsom Leonard
ASB-1152-O61H
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

HEATHER LEONARD, P.C.
P. O. Box 43768
Birmingham, AL 35243
Phone: (205) 977-5421
Facsimile: (205) 278-1400
Heather@HeatherLeonardPC.com


SERVE DEFENDANT VIA CERTIFIED MAIL:

Dolgencorp, LLC
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: [ ] FEPA  [X] EEOC

CHARGE NUMBER: 420-2015-00433

and EEOC

State or local Agency, if any: ____

NAME (Indicate Mr., Ms., Mrs.): Ms. Lillie Cooley
HOME TELEPHONE (Include Area Code): 
STREET ADDRESS: 
CITY, STATE AND ZIP CODE: 
DATE OF BIRTH: 1954

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

NAME: Dollar General
NUMBER OF EMPLOYEES, MEMBERS: more than 500
TELEPHONE (Include Area Code): (615)879-8009
STREET ADDRESS: 100 Mission Ridge
CITY, STATE AND ZIP CODE: Goodlettsville, TN 37072
COUNTY: 

NAME: 
STREET ADDRESS: 
CITY, STATE AND ZIP CODE: 
TELEPHONE NUMBER (Include Area Code): 
COUNTY: 

RECEIVED NOV 18 2014
E.E.O.C. BIRMINGHAM DISTRICT

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)):
[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [X] AGE
[ ] RETALIATION  [ ] NATIONAL ORIGIN  [X] DISABILITY  [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA): 
LATEST (ALL): 7/11/2014
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I worked for the Respondent in the State of Alabama from May 2002 through July 11, 2014. At the time of my termination, I was a store manager. I believe I was targeted for termination because the Respondent did not believe I was physically able to do my job because of my age and/or physical impairments resulting from on the job injuries. I believe I was regarded as disabled and/or being too old to do my job. It appeared to me that my District Manager did not like older workers, and favored managing them out of employment so to be replaced with younger employees. I believe this is a pattern on the part of the company in all districts, not just the one in which I worked.

My District Manager told me I was being fired for working persons off the clock. I did not do work persons off the clock. The Respondent coerced false statements against me so that it could appear to have a legitimate reason to terminate me to conceal its discriminatory motives. I believe I was replaced by a substantially younger employee without physical impairments.

I believe I have been discriminated against in violation of the Age Discrimination in Employment Act ("ADEA") based on my age. I believe I have been discriminated against based on the Americans with Disabilities Act, as amended ("ADA").

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 11-14-14
Charging Party (Signature): Lillie U Cooley

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

EEOC FORM 5 (10/94)

EXHIBIT 1

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

**To:** Lillie Cooley

**From:** Birmingham District Office
Ridge Park Place
1130 22nd Street
Birmingham, AL 35205

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

**EEOC Charge No.:** 420-2015-00433

**EEOC Representative:** Glenda J. Muldrow, Investigator

**Telephone No.:** (205) 212-2138

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_[signature]_
Delner Franklin-Thomas,
District Director

**MAR 07 2017**
(Date Mailed)

Enclosures(s)

cc:
**Dollar General Corporation**
Leslie Sherrod
Paralegal, Employment Law
100 Mission Ridge
Goodlettsville, TN 37072

Heather N. Leonard
Heather Leonard P.C.
Employment Law Litigation & Mediation
P. O. Box 43768
Birmingham, AL 35243

**EXHIBIT 2**

Enclosure with EEOC
Form 161-B (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

U.S. Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205-2397

**OFFICIAL BUSINESS**
Penalty for Private Use $300

BIRMINGHAM
AL 350
08 MAR '17
PM 3 L



02 1P          $ 000.46⁰
0000808113    MAR 07 2017
MAILED FROM ZIP CODE 35205

35243-999955