FILED
2019 Sep-17  PM 07:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| LILLIE H. COOLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case Number: |
| v. | ) | |
| | ) | 1:17-cv-895-ACA |
| DOLGENCORP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT PROPOSED JURY INSTRUCTIONS

COME NOW the parties and jointly propose the following jury instructions to be used at the trial of this matter.  The parties reserve the right to revise or add to these instructions if needed based on the Court's rulings on its motions in limine, their briefing on the causation standards under the ADEA and ADA, and the evidence presented at trial.

1

**Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

Taken from Eleventh Circuit Pattern Jury Instruction 2.1 (no changes)

**Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Taken from the Eleventh Circuit Pattern Jury Instructions 2.2 (no changes).

**Judicial Notice**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

Taken from the Eleventh Circuit Pattern Jury Instructions 2.5 (no changes).

**Use of Interrogatories**

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

Taken from Eleventh Circuit Pattern Jury Instructions 2.6 (no changes)

**The Duty to Follow Instructions – Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone. You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Taken from Eleventh Circuit Pattern Jury Instructions 3.2.2 (no changes)

**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

Taken from Eleventh Circuit Pattern Jury Instructions 3.2.2 (no changes)

**Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Taken from Eleventh Circuit Pattern Jury Instructions 3.5.2 (no changes)

**Responsibility for Proof – Plaintiff's Claims – Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiff] [party bringing any claim] to prove every essential part of [his/her/its] claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

Taken from Eleventh Circuit Pattern Jury Instructions 3.7.1 (no changes)

### 3.7.2 Responsibility for Proof – Affirmative Defense
###      Preponderance of the Evidence

In this case, the Defendant may assert the affirmative defenses of failure to mitigate, failure to exhaust administrative remedies, and statute of limitations. Even if the Plaintiff proves her claims by a preponderance of the evidence, the Defendant, can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendant does not have to disprove the Plaintiff's claim[s], but if the Defendant, raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

Taken from Eleventh Circuit Pattern Jury Instructions 3.7.2 (no changes other than identification of the affirmative defenses)

1

**Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Taken from Eleventh Circuit Pattern Jury Instructions 3.8.1 (no changes)

**4.10 Age Discrimination in Employment Act – 29 U.S.C. §§ 621-634[1]**

In this case, Mrs. Cooley makes a claim under the federal law that prohibits employers from discriminating against an employee in the terms and conditions of employment because of the employee's age. The federal law applies to employees who are at least 40 years old.

Specifically, Mrs. Cooley claims that Dollar General fired her because of her age.

Dollar General denies Mrs. Cooley's claim and asserts that the decision to terminate her employment was based upon the honest belief that Mrs. Cooley violated Dollar General's wage and hour policy by instructing employees under her supervision to work off the clock and allowing a family member to work in the store off the clock.

To succeed on her claim against Dollar General, Mrs. Cooley must prove each of the following facts by a preponderance of the evidence:

First:   Mrs. Cooley was Dollar General's employee;

Second: Mrs. Cooley was at least 40 years old at the time of her termination;

---

[1]   Dollar General reserves the right to object to Plaintiff's request for instructions on both the ADEA and the ADA for the reasons set forth in its Memorandum of Law Addressing the Unavailability of Motivating Factor Causation Under the ADEA or ADA, (Docket Entry No. 61), which will determine which claims can be presented to the jury.

<u>Third</u>:     Dollar General terminated Mrs. Cooley's employment

<u>Fourth</u>:   Dollar General took that action because of Mrs. Cooley's age.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

If you find that Mrs. Cooley was Dollar General's employee, was at least 40 years old, and that Dollar General terminated her employment, you must decide whether Dollar General took that action because of Mrs. Cooley's age.

To determine that Dollar General terminated Mrs. Cooley's employment because of Mrs. Cooley's age, you must decide that Dollar General would not have terminated her if Mrs. Cooley had been younger but everything else had been the same.

Dollar General denies that it terminated Mrs. Cooley's because of her age and claims that it made the decision for other reasons.

An employer may not discriminate against an employee because of age, but an employer may terminate an employee for any other reason, good or bad, fair or unfair. If you believe Dollar General's reasons for its decision to terminate Mrs. Cooley, and you find that Dollar General's decision was not because of Mrs. Cooley's age, you must not second guess that decision, and you must not substitute your own judgment for Dollar General's judgment – even if you do not agree with it.

As I have explained, Mrs. Cooley has the burden to prove that Dollar General's decision to terminate her employment was because of Mrs. Cooley's age. I have explained to you that evidence can be direct or circumstantial. To decide whether Dollar General's decision to terminate Mrs. Cooley's employment was because of her age, you may consider the circumstances of Dollar General's decision. For example, you may consider whether you believe the reasons Dollar General gave for the decision. If you do not believe the reasons it gave for the decision, you may consider whether the reasons were so unbelievable that it was a cover-up to hide the true discriminatory reasons for the decision.

If you find in Mrs. Cooley's favor for each fact she must prove, you must consider Mrs. Cooley's compensatory damages.

When considering the issue of Mrs. Cooley's compensatory damages, you should determine what amount, if any, has been proven by Mrs. Cooley by a preponderance of the evidence as full, just and reasonable compensation for all of her damages as a result of the termination of her employment, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Dollar General. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following element of damage, to the extent you find that Mrs. Cooley has proved it by a preponderance of the evidence, and no others: net lost wages and benefits from the date of her termination to the date of your verdict.

**Mitigation of Damages:**[2] You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Mrs. Cooley to be reasonably diligent in seeking substantially equivalent employment to the position she held with Dollar General. To prove that Mrs. Cooley failed to mitigate damages, Dollar General must prove by a preponderance of the evidence that: (1) work comparable to the position Mrs. Cooley held with Dollar General was available, and (2) Mrs. Cooley did not make reasonably diligent efforts to obtain it. If, however, Dollar General shows that Mrs. Cooley did not make reasonable efforts to obtain any work, then Dollar General does not have to prove that comparable work was available.

If you find that Dollar General proved by a preponderance of the evidence that Mrs. Cooley failed to mitigate damages, then you should reduce the amount of Mrs. Cooley's damages by the amount that could have been reasonably realized if Mrs.

---

[2]     Plaintiff reserves the right to object to this portion of the instruction being given at trial, but if it is given, she agrees to the proposed language.

Cooley had taken advantage of an opportunity for substantially equivalent employment.

**Willful Violation:** Mrs. Cooley also claims that Dollar General willfully violated the law. You will only consider this issue if you find for Mrs. Cooley and award her compensatory damages.

If Dollar General knew that its termination of Mrs. Cooley's employment violated the law prohibiting age discrimination, or acted in reckless disregard of that fact, then its conduct was willful. If Dollar General did not know, or knew only that the law prohibiting age discrimination was potentially applicable, and did not act in reckless disregard about whether the law prohibited its conduct, its conduct was not willful.

Taken from Eleventh Circuit Pattern Jury Instructions 4.10 (no changes but language on affirmative defenses is not included; also clarifies that the law at issue for determining a willful violation is the ADEA)

**S**PECIAL **I**NTERROGATORIES **T**O **T**HE **J**URY[3]

**Do you find from a preponderance of the evidence:**

1. That Mrs. Cooley was Dollar General's employee?

                    Answer Yes or No        _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.]

2. That Mrs. Cooley was at least 40 years old at the time of the termination?

                    Answer Yes or No        _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

3. That Dollar General terminated Mrs. Cooley's employment

                    Answer Yes or No        _____

---

[3]    Dollar General reserves the right to object to Plaintiff's request for Special Interrogatories on both her ADA and ADEA claims for the reasons set forth in its Memorandum of Law Addressing the Unavailability of Motivating Factor Causation Under the ADEA or ADA, (Docket Entry No. 61), which will determine which claims can be presented to the jury.

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

4. That Dollar General took that action because of Mrs. Cooley's age?

Answer Yes or No          _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

5. That Mrs. Cooley should be awarded damages?

Answer Yes or No          _____

If your answer is "Yes,"
in what amount?          $_____

6. That Dollar General proved by a preponderance of the evidence that: (1) work comparable to the position Mrs. Cooley held with Dollar General was available, and (2) Mrs. Cooley did not make reasonably diligent efforts to obtain it?

Answer Yes or No          _____

If your answer is "Yes,"
how much should her
damages be reduced          $_____

7 That Dollar General willfully violated the law?

Answer Yes or No        _____]

SO SAY WE ALL.

_____
Foreperson's Signature

DATE: _____

Taken from Eleventh Circuit Pattern Jury Instructions 4.10 (no changes but language on affirmative defenses is not included, revised to account for mitigation)

## Americans with Disabilities Act – Disparate-Treatment Claim –42 U.S.C. §§ 12101-12117[4]

In this case, Mrs. Cooley claims that Dollar General discriminated against Mrs. Cooley by terminating her employment because she had a "disability" within the meaning of the Americans with Disabilities Act (the ADA).

Dollar General denies Mrs. Cooley's claim and asserts that the decision to terminate her employment was based upon the honest belief that Plaintiff violated Dollar General's wage and hour policy by instructing employees under her supervision to work off the clock and allowing a family member to work in the store off the clock.

Under the ADA, if a person is qualified to do the job, it is unlawful for an employer to discharge the person because of that person's disability.

To succeed on her claim, Mrs. Cooley must prove all the following facts by a preponderance of the evidence:

First:     Mrs. Cooley had a disability;

Second:  Mrs. Cooley was a qualified individual;

Third:    Dollar General terminated Mrs. Cooley; and

---

[4]     Dollar General objects to Plaintiff's request for instructions on both the ADEA and the ADA for the reasons set forth in its Memorandum of Law Addressing the Unavailability of Motivating Factor Causation Under the ADEA or ADA, (Docket Entry No. 61), which will determine which claims can be presented to the jury.

<u>Fourth</u>:  Dollar General took that action because of Mrs. Cooley's disability.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

<u>Definition of "Disability"</u>

The first element requires that Mrs. Cooley prove by a preponderance of the evidence that she had a disability at the time of the termination of her employment in July 2014. A "disability" is a physical or mental impairment that substantially limits one or more major life activities.

A "physical impairment" is a condition that prevents the body from functioning normally. A "mental impairment" is a condition that prevents the mind from functioning normally.

A "major life activity" is an activity that is centrally important to everyday life, including the operation of major bodily functions.

Mrs. Cooley claims that her ability to stand, climb, stoop are major life activities, and you must decide whether they are. Major life activities include caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. Major life activities also include functions

of the immune system; normal cell growth; and digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.

An impairment "substantially limits" a major life activity if it prevents or significantly restricts a person from performing the activity, compared to an average person in the general population. An impairment that substantially limits one major life activity is a disability even if it does not limit any other major life activity.

To decide whether Mrs. Cooley's impairments substantially limited her ability to stand, stoop, bend, and/or climb at the time of her termination, you should consider, as compared to most people in the general population:

(a) the condition under which Mrs. Cooley performs those activities

(b) the manner in which Mrs. Cooley performs those activities and

(c) how long it takes Mrs. Cooley to perform those activities

**Mitigating measures:** To decide whether Mrs. Cooley's alleged foot impairment substantially limits her in a major life activity, it does not matter if the impairment can be corrected by the use of medication and/or assistive technology.[5]

---

[5]   Mrs. Cooley requests, but Dollar General objects to the inclusion of instructions for when there is a question on "record of" or "regarded as" disability. The language of disputed instructions taken from the pattern jury charges is:

> **When there is a jury question on "record of" disability:** Mrs. Coolie also can establish that she had a disability by proving that she had a record of a disability. Mrs. Coolie had a record of a disability if she had a history of, or had been misclassified as having, a mental or physical impairment that

Definition of "Qualified Individual"

The second element requires that Mrs. Cooley prove by a preponderance of the evidence that she was "qualified" for the job at the time of the challenged employment decision. This means that Mrs. Cooley must show that she had the skill, experience, education, and other job-related requirements for the job of store manager, and could do the essential functions of the job – with or without reasonable accommodation.

The essential functions of a position are the fundamental duties of that position. The term "essential functions" does not include the position's marginal functions. To decide whether a function is essential to a particular position, you may consider the following factors:

(a) whether the function's performance is the reason the position exists;

---

substantially limits one or more major life activities. Put another way, if Mrs. Coolie had a disability but has now recovered/the disability is in remission, she is still considered to have a disability within the meaning of the ADA.

**When there is a jury question on "regarded as":** Mrs. Coolie can also establish that she had a disability by proving that Dollar General regarded her as having a disability. Mrs. Coolie is "regarded as" having a disability if she proves that Dollar General terminated her because of an actual or perceived impairment – even if the actual or perceived impairment did not limit a major life activity and even if Dollar General did not think that the actual or perceived impairment limited a major life activity. But Mrs. Coolie cannot be "regarded as" disabled if her impairment is transitory and minor. A "transitory" impairment is one that's expected to last six months or less.

(b) whether there are a limited number of employees available to perform the function;

(c) whether the function is highly specialized so that an employee in the position is hired for the ability to perform the function;

(d) Dollar General's judgment about which functions are essential to the position;

(e) written job descriptions for the position;

(f) the amount of time an employee in the position spends performing the function;

(g) the consequences of not requiring an employee in the position to perform the function;

(h) whether others who held the position were required to perform the function.

No single factor controls your decision. You should consider all the evidence to decide whether a function is essential to the job. To decide whether Mrs. Cooley was qualified to perform the essential job functions, you should consider her abilities as they existed when Dollar General terminated her employment.

<u>Definition of "Because of Plaintiff's Disability"</u>

Finally, if you find that Mrs. Coolie had a "disability," was a "qualified individual," and that Dollar General terminated her employment, you must decide whether Dollar General took that action "because of" Mrs. Coolie's disability. Put

another way, you must decide whether Mrs. Coolie's disability was the main reason for Dollar General's decision.[6]

To determine that Dollar General terminated Mrs. Cooley's employment because of a disability, you must decide that Dollar General would not have terminated her if Mrs. Cooley had not had a disability but everything else had been the same.

Dollar General denies that it terminated Mrs. Cooley's <u>employment</u> because of Mrs. Cooley's disability and claims that it made the decision for other reasons.

An employer may not discriminate against an employee because of the employee's disability, but an employer may terminate an employee for any other reason, good or bad, fair or unfair. If you believe Dollar General's reason for its decision and find that its decision was not because of disability, you must not second guess that decision, and you must not substitute your own judgment for Dollar General's judgment – even if you do not agree with it.

---

[6]     Defendant objects to the language of this paragraph taken from the Eleventh Circuit pattern jury charges and proposes this alternate language:

> Finally, if you find that Mrs. Cooley had a "disability," and was a "qualified individual," you must decide whether Dollar General terminated her employment "because of" that disability.

**Pretext:** As I have explained Mrs. Cooley has the burden to prove that Dollar General's decision to terminate her employment was because of disability. I have explained to you that evidence can be direct or circumstantial. To decide whether Dollar General's decision to terminate Mrs. Cooley's employment  was because of Mrs. Cooley's disability, you may consider the circumstances of Dollar General's decision. For example, you may consider whether you believe the reasons Dollar General gave for the decision. If you do not believe the reasons it  gave for the decision, you may consider whether the reasons were so unbelievable that they were a cover-up to hide the true discriminatory reason for the decision.

If you find that Mrs. Cooley has proved each of the elements she must prove, you must decide the issue of her compensatory damages.

When considering the issue of Mrs. Cooley's compensatory damages, you should determine what amount, if any, has been proven by Mrs. Cooley by a preponderance of the evidence as full, just and reasonable compensation for all of Mrs. Cooley's damages as a result of her termination, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Dollar General. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Mrs. Cooley has proved them by a preponderance of the evidence, and no others:

(a) net lost wages and benefits from the date of the termination to the date of your verdict; and

(b) emotional pain and mental anguish.

To determine the amount of Mrs. Cooley's net lost wages and benefits, you should consider evidence of the actual wages she lost and the monetary value of any benefits she lost.

To determine whether and how much Mrs. Cooley should recover for emotional pain and mental anguish on her claim of disability discrimination, you may consider both the mental and physical aspects of injury – tangible and intangible. Mrs. Cooley does not have to introduce evidence of a monetary value for intangible things like mental anguish. You must determine what amount will fairly compensate her for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

**Mitigation of Damages:**[7] You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate

---

[7]    Plaintiff reserves the right to object this portion of the instruction being given, but agrees to the language of this instruction.

damages requires Mrs. Cooley to be reasonably diligent in seeking substantially equivalent employment to the position she held with Dollar General. To prove that Mrs. Cooley failed to mitigate damages, Dollar General must prove by a preponderance of the evidence that: (1) work comparable to the position Mrs. Cooley held with Dollar General was available, and (2) Mrs. Cooley did not make reasonably diligent efforts to obtain it. If, however, Dollar General shows that Mrs. Cooley did not make reasonable efforts to obtain any work, then Dollar General does not have to prove that comparable work was available.

If you find that Dollar General proved by a preponderance of the evidence that Mrs. Cooley failed to mitigate damages, then you should reduce the amount of Mrs. Cooley's damages by the amount that could have been reasonably realized if Mrs. Cooley had taken advantage of an opportunity for substantially equivalent employment.

**Punitive Damages:**[8] Mrs. Cooley also asks you to award punitive damages. The purpose of punitive damages is not to compensate Mrs. Cooley but, instead, to punish Dollar General for wrongful conduct and to deter similar wrongful conduct. You will only reach the issue of punitive damages if you find for Mrs. Cooley and award her compensatory damages on her claim of disability discrimination.

---

[8]     Dollar General reserves the right to object to a punitive damages instruction.

To be entitled to an award of punitive damages Mrs. Cooley must prove by a preponderance of the evidence that Dollar General acted with either malice or with reckless indifference toward Mrs. Cooley's federally protected rights against disability discrimination. Specifically, Mrs. Cooley must show that an employee of Dollar General, acting in a managerial capacity, either acted with malice or with reckless indifference to Mrs. Cooley's federally protected rights against disability discrimination.

There is no bright-line rule about which employees act in a managerial capacity. You must determine whether an employee acted in a "managerial capacity" based upon the type of authority Dollar General gave the employee and the amount of discretion that the employee has in what is done and how it is accomplished.

To show that Dollar General acted with malice, Mrs. Cooley must show that an employee acting in a managerial capacity knew that federal law prohibits discrimination and discriminated against Mrs. Cooley anyway. To show that Dollar General acted with reckless indifference to Mrs. Cooley's federally protected rights, Mrs. Cooley must show that an employee acting in a managerial capacity acted with serious disregard for whether the conduct violated federal law. Either malice or reckless indifference is sufficient to entitle Mrs. Cooley to an award of punitive damages; Mrs. Cooley need not prove both.

An employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where the managerial employees' acts are contrary to the employer's good faith efforts to comply with the law by implementing policies and programs designed to prevent unlawful discrimination in the workplace. However, the mere existence of policies prohibiting discrimination does not preclude punitive damages if the policies are ineffective.

There is no single factor that determines whether Dollar General acted with malice or with reckless indifference to Mrs. Cooley's federally protected rights. In determining whether to award punitive damages, you may consider factors such as: (1) whether Dollar General engaged in a pattern of discrimination toward its employees; (2) whether Dollar General acted spitefully or malevolently; (3) whether Dollar General showed a blatant disregard for civil legal obligations; (4) whether Dollar General failed to investigate reports of discrimination; (5) whether Dollar General failed to take corrective action concerning discriminatory acts or comments by its employees; and (6) whether the person accused of discrimination was included in the employer's decision making process concerning Mrs. Coolie's discharge..[9]

---

[9] Dollar General objects to the inclusion of factors that are not relevant to the claims raised in this lawsuit. Defendant contends factors 1, 4, and 5 should not be included in the instruction

If you find that punitive damages should be assessed against Dollar General, you may consider the evidence regarding Dollar General's financial resources in fixing the amount of such damages.

Taken from Eleventh Circuit Pattern Jury Instructions 4.11 (revised to clarify that the law at issue for determining emotional distress and punitive damages is the ADA)

## SPECIAL INTERROGATORIES TO THE JURY[10]

**Do you find from a preponderance of the evidence:**

1. That Mrs. Cooley had a "disability?"

        Answer Yes or No        _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

2. That Mrs. Cooley was a "qualified individual?"

        Answer Yes or No        _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

3. That Dollar General discharged her from her employment?

        Answer Yes or No        _____

---

[10]    Dollar General reserves the right to object to Plaintiff's request for Special Interrogatories on both her ADA and ADEA claims for the reasons set forth in its Memorandum of Law Addressing the Unavailability of Motivating Factor Causation Under the ADEA or ADA, (Docket Entry No. 61), which will determine which claims can be presented to the jury.

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

4. That Dollar General took that action because of Mrs. Cooley's disability?

Answer Yes or No          _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

5. That Mrs. Cooley should be awarded damages to compensate for a net loss of wages and benefits to the date of your verdict?

Answer Yes or No          _____

If your answer is "Yes,"
in what amount?          $_____

6. That Mrs. Cooley should be awarded damages to compensate for emotional pain and mental anguish?

Answer Yes or No          _____

If your answer is "Yes,"
in what amount?          $_____

If you did not award damages in response to either Question Nos. 5 or 6, this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If you awarded damages in response to Question Nos. 5 or 6 (or both), go to the next question.

7. That Dollar General proved by a preponderance of the evidence that (1) work comparable to the position Mrs. Cooley held with Dollar General was available, and (2) Mrs. Cooley did not make reasonably diligent efforts to obtain it?[11]

<div style="margin-left:2em;">
Answer Yes or No _____

If your answer is "No,"
how much should her
damages be reduced    $_____
</div>

8. That punitive damages should be assessed against Dollar General?

<div style="margin-left:2em;">
Answer Yes or No _____

If your answer is "Yes,"
in what amount?        $_____]
</div>

SO SAY WE ALL.

<div style="margin-left:20em;">
_____
Foreperson's Signature
</div>

DATE: _____

---

[11]    Plaintiff reserves the right to this instruction being given if the Court grants the Plaintiff's Rule 50 motion on the affirmative defense of failure to mitigate.

15

Taken from Eleventh Circuit Pattern Jury Instructions 4.11 (no changes but language on affirmative defenses is not included)

**Honest Belief – Plaintiff objects to this instruction being given**

Dollar General's reason for discharging Plaintiff is not pretextual if those making the challenged termination decision honestly believed that Plaintiff violated a company policy warranting termination, even if that belief was mistaken.  It is not your role as jurors to determine whether the decisionmakers were correct in their belief, you need only determine whether they in good faith believed that Plaintiff had violated company policy.

Authority:   Damon v. Fleming Supermarkets of Florida, Inc., 196 F.3d 1354, 1363 n.3 (11th Cir. 1999) ("An employer who fires an employee under the mistaken but honest impression that the employee violated a work rule is not liable for discriminatory conduct."); Jones v. Bessemer Carraway Medical Center, 151 F.3d 1321, 1324 n.16 (11th Cir. 1998) ("There may have been a misunderstanding. Smith may have been mistaken or lied. Carlin may have been mistaken or lied.  But federal courts do not sit to review the accuracy of the employer's fact findings or of the employer's decision to terminate a plaintiff's employment."); Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991) ("No matter how medieval a firm's practices, no matter how high-handed its decisional process, no matter how mistaken the firm's managers, the ADEA does not interfere. Rather our inquiry is limited to whether the employer gave an honest explanation of its behavior.") (quoting Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359, 1365 (7th Cir. 1988) (citations omitted)); Hamilton v. Coffee Health Group, 949 F. Supp. 2d 1119, 1153 (N.D. Ala. 2013) (Smith, J.) (discussing honest belief doctrine and compiling cases)

**Attorneys' Fees and Court Costs – Plaintiff objects to this instruction being given**

If you find for the Plaintiff you must not take into account any consideration of attorneys fees or court costs in deciding the amount of Plaintiff's damages.

Authority: Eleventh Circuit Pattern Jury Instructions (Civil Cases) Supplemental Damage Instructions § 6.1 (2005).